

Heidi L. Keefe
T: +1 650 843 5001
hkeefe@cooley.com

December 14, 2011

The Honorable Joseph F. Bianco
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

RE: **EasyWeb Innovations, LLC v. Facebook, Inc.,**
     **Civil Action No. 2:11-cv-5121-JFB-ETB**

Dear Judge Bianco:

Defendant Facebook, Inc. ("Facebook") seeks leave to file a motion to dismiss Plaintiff EasyWeb Innovations, LLC's ("EasyWeb") Complaint filed October 20, 2011 in the above-referenced matter, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and thus requests a pre-motion conference in accordance with Local Rule 6.1 and Rule III.A of this Court.

EasyWeb's Complaint attempts to state a claim for patent infringement under 35 U.S.C. § 271, and alleges that "Facebook has infringed, contributed to the infringement of, and/or induced others to infringe [the Patents-in-Suit] by having made, designed, offered for sale, sold, provided, used, maintained and/or supported its 'facebook.com' website and service . . . ." without providing supporting factual evidence for its allegations. (Dkt. No. 1 at 4-6, ¶¶ 21, 25, 29, 33, 37).  In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Furthermore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," such as EasyWeb's Complaint, "do not suffice" under basic pleading standards.  *See, e.g., id.*  Because EasyWeb's Complaint contains no factual support, and is limited to brief conclusory allegations, it should be dismissed pursuant to Rule 12(b)(6).

The direct infringement claims alleged in EasyWeb's Complaint are insufficient because they fail to identify specific accused systems or services and specify the theory of infringement. "Although pleading standards under Fed. R. Civ. 8 are liberal, a plaintiff must provide notice of its claim so that the other side may prepare a defense. In the context of alleged patent infringement, this means at least that the plaintiff must tell the defendant which products allegedly infringe the plaintiff's patent." *Ricoh Co. v. Asustek Computer, Inc.*, 481 F. Supp. 2d 954, 959 (W.D. Wis. 2007).  "[T]o meet even the broad Rule 8 notice requirements," a plaintiff "must do more than give clues" as to the scope of its claim.  *Taurus IP, LLC v. Ford Motor Co.*,

The Honorable Joseph F. Bianco
December 14, 2011
Page Two

539 F. Supp. 2d 1122, 1127 (W.D. Wis. 2008). EasyWeb's complaint does not identify which of Facebook's systems or services allegedly infringe the Patents-in-Suit, and instead accuses the entire "'facebook.com' website and service." Such broad, scattershot allegations do not "provide notice" to Facebook so that it "may prepare a defense" in any meaningful way, and have been found insufficient under Rule 8. *See Interval Licensing LLC v. AOL, Inc.*, No. C10-1385 MJP, 2010 WL 5058620, 3 (W.D. Wash. Dec. 10, 2010) (finding that plaintiff's complaint which "only indicate[d] that Defendants have websites . . . that infringe on the patents" did "not satisfy Rule 8 or Form 18" and "and "fail[ed] to indicate to Defendants which of their myriad products or devices may be at issue"). EasyWeb's generic reference to Facebook's "service" does not specify which of the many products and services available through Facebook (including, for example, Groups, Pages, Messages, Chat, Photos and Events) EasyWeb is accusing.

Furthermore, EasyWeb's generic reference to Facebook's "'facebook.com' website" without more detail is hopelessly vague. The term "facebook.com" refers to a *web address*, much like the *street address* of a shopping center. The actual *website* is made up of computer code and databases that provide a large number of services and features, much like the multitude of stores inside a shopping center. EasyWeb's statement that the "facebook.com website" infringes the Patents-in-Suit is akin to a plaintiff accusing a giant shopping mall – one with over 300 million daily visitors – of infringement merely by referencing its "123 Main Street" street address, without bothering to identify which of the many stores inside are the ones actually responsible for the alleged infringement.

EasyWeb's allegations of indirect infringement against Facebook should also be dismissed. First, with respect to inducing infringement, EasyWeb's Complaint fails to plead any facts from which it can be adduced that Facebook knowingly induced any third parties to infringe the Patents-in-Suit, or specifically intended to encourage that infringement as required by law. *See Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. __, 131 S. Ct. 2060, 2068 (2011) ("Accordingly, we now hold that induced infringement under § 271(b) **requires knowledge** that the induced **acts constitute** patent **infringement**.") (emphasis added). Thus, "a complaint stating a claim for inducement **must allege** the **requisite knowledge and intent**." *Eon Corp. IP Holdings LLC v. FLO TV Inc.*, Civ. No. 10-812-SLR, 2011 WL 2708945, at *3 (D. Del. July 12, 2011) (emphasis added). EasyWeb's Complaint also fails to identify a direct infringer whom Facebook allegedly induced to infringe, or what Facebook has done to induce others to infringe.

EasyWeb's allegations of contributory infringement are also insufficient for several grounds and should, therefore, be dismissed as well. EasyWeb's Complaint fails to allege the requisite knowledge and intent need to support a contributory infringement claim. To succeed on a contributory infringement claim, a plaintiff must plead and prove not only an act of direct infringement by another, but also "'that defendant knew that the combination for which its components were especially made was both patented and infringing' and that defendant's



The Honorable Joseph F. Bianco
December 14, 2011
Page Three

components have 'no substantial non-infringing uses.'" *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1320 (Fed. Cir. 2009), *cert. denied*, 130 S. Ct. 3324 (2010) (citations omitted). EasyWeb's Complaint does not provide any factual allegations to support knowledge and intent by Facebook concerning the alleged infringing activity.  Further, EasyWeb does not allege facts or even plead that Facebook sold, offered for sale, or imported a "material part of the invention," or that Facebook knew that the accused facebook.com website or service were especially made or adapted for use in an infringement of the Patents-in-Suit.

For these reasons, Facebook respectfully submits that EasyWeb has not sufficiently pleaded a claim for either direct or indirect patent infringement against Facebook, and that a motion to dismiss is appropriate.

Respectfully submitted,

Cooley LLP

*/s/ Heidi L. Keefe*
Heidi L. Keefe

cc (via ECF e-filing):
    John Michael Desmarais
    Alan S. Kellman
    Xiao Li

993844/HN