**DESMARAIS** LLP
www.desmaraisllp.com

| | | |
|---|---|---|
| 230 Park Avenue<br>New York, NY 10169 | Xiao Li<br>Direct: 212-351-3408<br>xli@desmaraisllp.com | P: 212-351-3400<br>F: 212-351-3401 |

December 22, 2011

**ELECTRONICALLY FILED VIA ECF**

The Honorable Joseph F. Bianco
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

      Re:    *EasyWeb Innovations, LLC v. Facebook, Inc.,*
               Civil Action No. 2:11-cv-5121-JFB-ETB

Dear Judge Bianco:

      Defendant Facebook, Inc. ("Facebook") has requested a pre-motion conference to file a motion to dismiss Plaintiff EasyWeb Innovations, LLC's ("EasyWeb") Complaint.  Facebook's motion is unlikely to succeed, because EasyWeb's complaint satisfies the pleading requirements of the Federal Rules of Civil Procedure.

      EasyWeb's Complaint states sufficient facts to support its claims for relief.  The Patents-in-Suit cover systems and methods that allow messages—that may include text, photos, and videos—to be posted by users to the facebook.com website.  Accordingly, EasyWeb's infringement claims identify facebook.com as the accused system, of which many components or features infringe EasyWeb's patents.  Unlike the case cited by Facebook, *Interval Licensing LLC v. AOL, Inc.,* No. C10-1385, 2010 WL 5058620 (W.D. Wash. Dec. 10, 2010), where the complaint did not identify any websites but only stated generically that the defendants infringed "by making and using websites and associated hardware and software," *id.* at *1, EasyWeb's Complaint does identify a specific website, facebook.com.  Facebook does not cite any authority requiring plaintiffs to identify in the complaint specific *features* of an accused system or website, in the manner Facebook suggests.  To the contrary, a patent plaintiff is not required to "specifically include each element of the claims of the asserted patent" in the complaint.  *Ottah v. First Mobile Techs.,* No. 10 Civ. 7296, 2011 WL 4343269, *3 (S.D.N.Y. Sept. 8, 2011) (citing *Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.*, 203 F.3d 790, 794 (Fed. Cir. 2000)).  And an "infringement complaint states a claim for relief despite its failure to specify how each claim limitation is satisfied by the accused products."  *Id.* (internal quotations omitted).

      To use Facebook's analogy, precisely because so many of the "stores" inside the facebook.com "shopping mall" infringe the Patents-in-Suit—including Groups, Messages, Photos, Events, and any other features or functionalities that use the claimed inventions to post messages—facebook.com is the appropriate accused system.

The Honorable Joseph F. Bianco
December 22, 2011
Page 2

    EasyWeb also has sufficiently pled its claims of inducement and contributory infringement. EasyWeb's Complaint explains that Facebook received written notice of its infringement of the Patents-in-Suit (D.I. 1 ¶ 18), yet it continued to induce others (such as its customers) to use its accused system. Similarly, despite knowledge of its infringement, it continued to contribute to the infringement of the Patents-in-Suit. Courts in this Circuit have not required plaintiffs to identify the direct infringer with respect to contributory and inducement claims. *See Agilent Techs., Inc. v. Micromuse, Inc.*, No. 04 Civ. 3090, 2004 WL 2346152, *6 (S.D.N.Y. Oct. 19, 2004); *Steuben Foods, Inc. v. Shibuya Hoppmann Corp.*, No. 10-cv-781A, 2011 WL 3608064 (W.D.N.Y. Aug. 15, 2011) (denying defendant's motion to dismiss for failure to state a claim even though the complaint simply stated that defendant was liable for induced and contributory infringement).

    While EasyWeb believes that Facebook's proposed motion is likely to fail, in the interest of avoiding unnecessary briefing and delay, EasyWeb will file an amended complaint before the scheduled conference in an effort to resolve the parties' differences without motion practice.

    Respectfully submitted,

    /s/ Xiao Li
    Xiao Li

    *Counsel for Plaintiff*
    *EASYWEB INNOVATIONS, LLC*

cc (via ECF e-filing):

    Vidya Bhakar
    Jonathan P. Bach
    Heidi L. Keefe